D. Maimon Kirschenbaum
Josef Nussbaum
JOSEPH & KIRSCHENBAUM LLP
233 Broadway, 5th Floor
New York, NY 10279
(212) 688-5640
(212) 688-2548 (fax)

*Attorneys for Named Plaintiff, proposed FLSA Collective Plaintiffs, and proposed Class*



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
DIEGO FRANCO, on behalf of himself and others similarly situated,

          **Plaintiff,**

   v.

JUBILEE FIRST AVENUE CORPORATION and ILDA ARAUJO,

          **Defendants.**
-----------------------------------------------------------X

INDEX NO.

COMPLAINT

FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION

DEMAND FOR JURY TRIAL

1.    Plaintiff, on behalf of himself and all others similarly situated, alleges as follows:

### JURISDICTION AND VENUE

2.    This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

4. Defendant Jubilee First Avenue Corporation is a New York corporation. Defendant First Avenue Corporation operates Jubilee restaurant located in Manhattan.

5. Jubilee First Avenue Corporation has an annual gross volume of sales in excess of $500,000.

6. Defendant Ilda Araujo exercises sufficient control over Jubilee's day to day operations to be considered Plaintiff's employer under the FLSA and New York law.

7. Defendant Ilda Araujo is regularly present at Jubilee.

8. Defendant Ilda Araujo hires and can fire employees at Jubilee.

9. Defendant Ilda Araujo sets employees' schedules at Jubilee.

10. Defendant Ilda Araujo disciplines employees at Jubilee.

11. Upon information and belief, Defendant Ilda Araujo was involved in creating the policies that are the subject of this lawsuit.

12. Plaintiff was employed by Defendants as a server for over six years ending in mid-2014.

## FLSA COLLECTIVE ACTION ALLEGATIONS

13. Plaintiff brings the First and Second Claims for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all service employees, other than captains, employed by Defendants on or after the date that is three years before the filing of the Original Complaint in this case as defined herein ("FLSA Collective").

14. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them at the legally required minimum wage for all hours worked and allowing non-tipped employees to share in their tips. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

15. The First and Second Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendant.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

16. Plaintiff brings the state law Claims for Relief (Second, Third, Fourth, Fifth, and Sixth Claims for Relief) pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all service employees employed by Defendants at any New York location on or after the date that is six years before the filing of the Original Complaint in this case as defined herein (the "Class Period").

17. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of the Defendants. The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendants'

records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided by means permissible under said F.R.C.P. 23.

18. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more than fifty (50) members of the Class.

19. Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage and illegal retention of tips. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

20. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

21. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against

corporate Defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

22.   Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree

of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

23.  There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a) Whether Defendants employed Plaintiff and the Class members within the meaning of the New York law.

b) At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and the Class members for their work.

c) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Plaintiff and the Class members at all.

d) Whether Defendants paid Plaintiff and the Class members the federal and state minimum wage for all hours worked.

e) Whether Defendants illegally deducted money from Plaintiff and Class Members' pay.

f) Whether Defendants illegally retained portions of Plaintiff's tips and the Class members' tips.

g) Whether Defendants illegally distributed Plaintiff's and the Class members' tips to Defendants' agents.

h) Whether Defendants gave Plaintiff proper statements as required by New York Labor Law § 195 and the New York Hospitality Wage Order.

i) Whether Defendants paid Plaintiff and Class members New York's Spread of Hours premium.

## FACTS

24. Plaintiff's consent to sue form is attached hereto as Exhibit A.

25. Defendants committed the following alleged acts knowingly, intentionally and willfully.

26. Plaintiff typically worked between 25 and 40 hours per week.

27. Throughout his employment, Plaintiff was paid an hourly rate that is lower than federal and New York State minimum wage.

28. Plaintiff's dinner shifts began at 3:30 p.m. and lasted until the restaurant's closing time, which ranged from 10:30 p.m. to 1:00 a.m.

29. Nevertheless, Defendants paid Plaintiff for only 6 hours per shift.

30. For the hours that Defendants did pay Plaintiff, Plaintiff was paid for exactly six hours at the "tip credit" minimum wages under FLSA and NYLL.

31. However, Defendants were not entitled to utilize any tip credits set forth under the FLSA and New York Labor Law because (a) they required Plaintiff to share tips with management and (b) they did not give Plaintiff appropriate notice of the tip credit.

32. Prior to mid-2011, Defendants required Plaintiff to share tips with Ilda Araujo, who was the general manager and is now an owner of the restaurant.

33. Defendants did not give Plaintiff the appropriate wage and/or tip credit notices required by the FLSA, NYLL § 195, and/or N.Y. Comp. Codes R. & Regs. tit. 12, § 146-2.2.

34. Defendants illegally required Plaintiff to pay for breakage, incorrect food orders, and the like.

35. Plaintiff regularly worked "double shifts" on Sundays. These shifts lasted longer than 10 hours.

36. However, Defendants did not pay Plaintiff New York's "spread of hours" premium for days that Plaintiff's shifts lasted longer than 10 hours.

37. Defendants committed the foregoing acts against Plaintiff, the FLSA Collective Plaintiffs, and the Class.

### FIRST CLAIM FOR RELIEF
(FLSA Claims, 29 U.S.C. § 201, *et seq.*,
Brought by Plaintiff on Behalf of
Himself and the FLSA Collective Plaintiffs)

38. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, realleges and incorporate by reference all preceding paragraphs as if they were set forth again herein.

39. At all relevant times, Defendants have been and continue to be "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have employed "employee[s]," including Plaintiff and each of the FLSA Collective Plaintiffs.

40. Throughout the statute of limitations period covered by these claims, Defendants knowingly failed to pay Plaintiff the federal minimum wage for each hour worked.

41. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, seeks damages in the amount of their respective unpaid compensation, liquidated (double) damages as provided by the FLSA for minimum wage violations, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### (New York State Minimum Wage Act, New York Labor Law § 650 *et seq.* Brought by Plaintiffs on Behalf of Himself and the Class)

42. Plaintiff, on behalf of himself and members of the Class, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

43. Defendants knowingly paid the Plaintiff and members of the Class less than the New York minimum wage as set forth in N.Y. Lab. Law § 652 and supporting regulations of the New York State Department of Labor.

44. Defendants did not pay Plaintiff and members of the Class minimum wage for all hours worked.

45. Defendant's failure to pay Plaintiff and members the Class the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

46. As a result of Defendants' willful and unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

## THIRD CLAIM FOR RELIEF
### (Illegal Deductions from Gratuities, N.Y. Lab. L. §§ 193, 196-d and 198-b Brought by Plaintiff on Behalf of Himself and the Class)

47. Plaintiff, on behalf of himself and the Class members, realleges and incorporates by reference all previous paragraphs.

48. Defendants retained portions of Plaintiff's tips and Class members' tips.

49. As a result of Defendants' willful and unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be

determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

### FOURTH CLAIM FOR RELIEF
(New York Notice Requirements, N.Y. Lab. L. §§ 195, 198
Brought by Plaintiff on Behalf of Himself and the Class)

50. Plaintiff, on behalf of himself and the members of the Class, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

51. Defendants did not provide Plaintiff and the members of the Class with the notices required by N.Y. Lab. Law § 195.

52. As a result of Defendants' unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages pursuant to N.Y. Lab. Law § 198, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

### FIFTH CLAIM FOR RELIEF
(Illegal Pay Deductions, N.Y. Lab. L. § 193
Brought by Plaintiffs on Behalf of Himself and the Class)

53. Plaintiff, on behalf of himself and the Class members, realleges and incorporates by reference all previous paragraphs.

54. Defendants took and continue to take illegal deductions from Plaintiff's

55. As a result of Defendants' willful and unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

**SIXTH CLAIM FOR RELIEF**
(New York Spread of Hours Provisions,
N.Y. Lab. L. § 650 *et seq.*, and N.Y. Comp. Code R. &
Regs. tit. 12, §§ 137-1.7 (2010), 146-1.6 2011
Brought by Plaintiff on Behalf of Himself and the Class)

56. Plaintiff, on behalf of himself and the Class members, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

57. Plaintiff and the Class members regularly had workdays that lasted more than ten (10) hours.

58. Defendants willfully and intentionally failed to compensate Plaintiff and Class members one hour's pay at the basic New York minimum hourly wage rate when their workdays exceeded ten (10) hours, as required by New York law.

59. As a result of Defendants' willful and unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs and members of the Class, prays for relief as follows:

    A.    Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

    B.    Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

C. Designation of this action as a class action pursuant to F.R.C.P. 23.

D. Designation of Plaintiff as Representative of the Class.

E. An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

F. Liquidated damages and penalties available under applicable laws;

G. Costs of action incurred herein, including expert fees;

H. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 663 and other applicable statutes;

I. Pre-judgment and post-judgment interest, as provided by law; and

J. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: New York, New York
September 24, 2014

Respectfully submitted,

JOSEPH & KIRSCHENBAUM LLP

By: _____
D. Maimon Kirschenbaum
Josef Nussbaum
233 Broadway, 5th Floor
New York, NY 10279
Tel: (212) 688-5640
Fax: (212) 688-2548

*Attorneys for Named Plaintiff, proposed FLSA Collective Plaintiffs, and proposed Class*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he has a right to jury trial.

# EXHIBIT A

## CONSENT TO SUE UNDER
## FEDERAL FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by **Jubliee** and/or related entities and/or individuals. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Professional Services Agreement signed by the named plaintiff in this case.

_DIEGO FERNANDO FRANCO SALAZAR_
Full Legal Name (Print)

_[signature]_
Signature

_09-23-14_
Date