CLAUDE CASTRO & ASSOCIATES PLLC
Claude Castro, Esq.
D. Paul Martin, Esq.
545 Fifth Avenue, 8th Floor
New York, New York 10017
(212) 810-2710

Attorneys for Defendants Jubilee First Avenue
Corporation, Ilda Araujo and Eric Macaire

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DIEGO FRANCO, MUSTAPHA BABACI and JUAN JUAREZ,<br><br>Plaintiffs,<br><br>- against -<br><br>JUBILEE FIRST AVENUE CORPORATION, ILDA ARAUJO and ERIC MACAIRE,<br><br>Defendants. | Docket No. 14-CV-7729 (SN) |

**DEFENDANTS' BRIEF IN OPPOSITION TO**
**PLAINTIFFS' MOTION SEEKING PARTIAL SUMMARY JUDGMENT**

Defendants Jubilee First Avenue Corporation, Ilda Araujo and Eric Macaire (the "Defendants" hereinafter), by and through their undersigned attorneys, hereby submit this Brief in Opposition to Plaintiffs' motion seeking partial summary judgment.

**INTRODUCTION**

As will be demonstrated herein below, in conjunction with the accompanying affidavits submitted to this Court in opposition to the Plaintiffs' motion seeking partial summary judgment, the Plaintiffs are not entitled to partial summary judgment in this matter due to their failure to establish (i) successor liability by Defendant Jubilee First

Avenue Corporation of its purported predecessor, non-party Jubilee, Inc., (ii) that Defendants Eric Macaire and Ilda Araujo are "employers" under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") at both restaurant locations, and (iii) that Defendant Ilda Araujo violated any applicable statutes for her participation in an employee-created tip pool while she was employed as a floor manager at the Jubilee restaurant located on East 54th Street.  As will also be further discussed herein below, the Plaintiffs should not be awarded liquidated damages due to the fact that the Defendants acted in good faith at all relevant times in reliance on the advice and information received by their payroll company and accountant and because the Defendants have substantially complied with the "tip credits" and notice requirements of the New York Labor Law.

Accordingly, the Defendants respectfully request that the Plaintiffs' motion seeking partial summary judgment be denied in its entirety.

## ARGUMENT

### PLAINTIFFS ARE NOT ENTITLED TO PARTIAL SUMMARY JUDGMENT

**1.    New York Labor Law Section 196-d Does Not Apply
to the Facts and Circumstances of the Instant Action**

As an initial matter, it is respectfully submitted that New York Labor Law Section 196-d simply does not apply in this action.  Indeed, the New York Court of Appeals repeatedly categorized NYLL Section 196-d as one prohibiting "**employer-mandated** tip splitting."  Barenboim v. Starbucks, 21 N.Y.3d 460, 471 (2013) (emphasis added).  It is important to note that the language used by the New York Court of Appeals, i.e. "employer-mandated", was not merely an oversight but was rather stressed and is an important distinction.  Thus, where the tip pool was created and operated by the

employees and not mandated by an employer, as is the case here, NYLL Section 196-d does not trigger a prohibition of supervisors, like a floor manager, from participating in the tip pool and should not apply to the instant matter.  Indeed, had the New York legislature intended to prohibit employees from voluntarily including their supervisors in the tip pool at their own will, it would have stated so clearly.  This is the fairest reading of the statute as it was drafted with the intention of protecting employees, and such protection is unnecessary where the employees voluntarily create a tip pool and choose to share their tips, even with a supervisor just as a floor manager of a restaurant.  Indeed, a reading of the statute that includes a prohibition against voluntary tip splitting by employees functions as a restriction on the same employees that the statute was created to protect.

In the instant action, it is undisputed that the wait staff at the restaurant, including the Plaintiffs, initiated and operated the tip pool amongst themselves, and at their own discretion chose to include Defendant Ilda Araujo in the tip pool during her time as a floor manager of the restaurant located on East 54th Street.  Thus, as a matter of law, Section 196-d of the New York Labor Law does not apply to this action and Defendant Ilda Aruajo was entitled to participate in the tip pool created by and maintained by the wait staff.  For this reason alone, the Plaintiffs' motion seeking partial summary judgment should be denied.

2. **Defendant Ilda Araujo's Share in the Tip Pool Did Not Violate New York Labor Law Because She Was Not an Employer**

Moreover, in the event this Court determines that NYLL Section 196-d does apply to the instant action, it is respectfully submitted that Defendant Ilda Araujo was nevertheless undeniably eligible to participate in the tip pool, as she was not an

"employer" for the purposes of NYLL at the relevant time periods. It is important to note that not every employee with managerial responsibility will be barred from participating in a tip pooling system. See In re Starbucks Emp. Litig., 264 F.R.D. 67, 72 (S.D.N.Y. 2009); Garcia v. La Revise Assocs., No. 08–CV–9356 (LTS) (THK), 2011 WL 135009, at *6 (S.D.N.Y. Jan. 13, 2011). In fact, the Southern District of New York has found that even a CEO of a company can be eligible to participate in a tip pool. See Salinas v. Starjem Restaurant Corp., 2015 WL 4757618 (S.D.N.Y. 2015).

Further, a manager in title is not alone sufficient to bar that individual's participation in a tip pool. See Barenboim, 21 N.Y.3d 460, 471. Accordingly, as a matter of fact and law, this Court must reject the Plaintiffs' contention that even the slightest degree of supervisory responsibility automatically "disqualifies an employee from sharing in tips under Labor Law § 196-d." Barenboim, 21 N.Y.3d at 472 (2013).

Here, Defendant Ilda Araujo only participated in the employee-created tip pool at the restaurant located on East 54th Street and not at the new restaurant located on First Avenue. This is a crucial distinction due to the fact that during her employment at the East 54th Street location Ms. Araujo was a floor manager which gave her certain managerial powers and responsibilities but, as Ms. Araujo confirms in her accompanying affidavit, she did not have the power to hire, fire or discipline employees at the East 54th Street location. In fact, only Defendant Eric Macaire, who was the sole owner of the restaurant located at East 54th Street, and the general manager of that restaurant, Peggy Lavielle, had the power and authority to hire, fire and discipline employees at that location. Thereafter, in or about 2012, when Defendant Jubilee First Avenue Corporation was formed for the ownership and operation of a restaurant on

First Avenue, Defendant Ilda Araujo became a part owner of that new restaurant and ceased all participation in the employee-created tip pool.  Thus, it is clear that Defendant Ilda Araujo did not violate any applicable law by participating in the employee-created tip pool while working as a floor manager at the restaurant located on East 54th Street.

Indeed, this Court has created a balancing test used to determine if an individual is to be considered an "employer" for the purposes of NYLL Section 196-d.  "Generally, factors governing the determination include: '(1) authority to suspend or terminate employees ...; (2) supervision of the wait staff and [making] hiring decisions; (3) responsibility for the restaurant's budget, including analyzing payroll and food costs; and (4) receipt of a salary ... regardless of the number of hours ... worked.'" <u>Widjaja v. Kang Yue USA Corp.</u>, 2011 WL 4460642 *4 (E.D.N.Y. 2011) *quoting* <u>Ayres v. 127 Restaurant Corp.</u>, 12 F.Supp.2d 305, 308 (S.D.N.Y. 1998).

As Ms. Araujo confirms in her accompanying affidavit, during her employment as a floor manager at the restaurant located at East 54th Street, she did not have the authority to hire, fire or discipline employees and she also did not have the authority or responsibility of setting the restaurant's budget or food costs.  These responsibilities and powers all belonged to other individuals: (i) Defendant Eric Macaire, the sole owner of the restaurant located on East 54th Street; (ii) Peggy Lavielle, the general manager of that restaurant; and (iii) the chef who handled the restaurant's budget and food costs.

Significantly, this Court has also held that "**persons without the capacity to hire, fire or discipline other employees, <u>even restaurant staff characterized as senior floor captains and accorded supervisory responsibilities</u>**, are not agents for

5

the purposes of Section 196-d." In re Starbucks Emp. Litig., 264 F.R.D. at 72 (emphasis added); See also, Garcia, 2011 WL 135009, at *6.

It is undeniable that Defendant Ilda Araujo meets none of the criteria of an "employer" under the Courts' definition in Widjaja, Ayers, and Stabucks, *supra*. As evidenced by Defendant Ilda Araujo's deposition testimony and affidavit submitted to this Court in opposition to the Plaintiffs' motion seeking partial summary judgment, Ms. Araujo simply did not have any authority to hire, fire, suspend or discipline employees at the restaurant located at East 54th Street, the sole location where she participated in the tip pool. It is further evidenced from Defendant Ilda Araujo's deposition testimony and affidavit that she did not take any part in or have responsibility for the restaurant's budget. While Defendant Ilda Araujo did have a supervisory role over the wait staff in her position of floor manager at the East 54th Street restaurant, this role was limited and did not give her the ability to hire, fire or discipline the wait staff. Thus, as a matter of fact and law, it is respectfully submitted that Defendant Ilda Araujo was entitled to participate in the tip pool because she was not an "employer" for the purposes of NYLL Section 196-d. Therefore, the Plaintiffs' motion seeking partial summary judgment should be denied.

3.   **Plaintiffs Should Not be Allowed to Collect Liquidated Damages because Defendants Acted in Good Faith**

As a matter of law, Plaintiffs are only entitled to liquidated damages if Defendants cannot show that they acted in good faith to comply with the Fair Labor Standards Act and New York Labor Law. Indeed, where an employer "had reasonable grounds for believing his act or omission was not a violation of the" FLSA, the court has the discretion to deny Plaintiffs' request for liquidated damages. See 29 U.S.C.A. § 260.

It is respectfully submitted that, as demonstrated in the accompanying affidavit of Ilda Araujo, the Defendants did act in good faith by relying on the advice and information received by the Defendants' payroll company which led the Defendants to reasonably believe they were in compliance with all applicable statutes and regulations. Indeed, as is confirmed by both the affidavits of Ilda Araujo and Nasir Uddin, another waiter at the restaurants, the Defendants did in fact make sure that all employees were actually aware of the tip credit minimum wage and acted in good faith by notifying and reminding the employees of that during their weekly meetings with wait staff and by placing labor posters on the wall in a location at both restaurants visible to the employees. Further, it is beyond doubt that the employees were well aware of the tip credit minimum wage due to the fact that the employees themselves created and maintained a tip pool.

It is important to note that, "[t]o establish good faith, the employer must take active steps to ascertain the dictates of the FLSA and then act to comply with them." Herman v. RSR Sec. Services Ltd., 172 F.3d 132. In order to show that it took active steps, "[t]he defense requires plain and substantial evidence of at least an honest intention to ascertain what the Act requires and to comply with it." Brock v. Wilamowsky, 833 F.2d 11. Moreover, "[i]f the defendant presents such proof, the court has discretion to deny or reduce the liquidated damages for all or any part of the relevant time period." See Herman, 172 F.3d at 137. Here, the Defendants did take active, good faith steps to ascertain from their payroll company whether or not they were properly compensating their employees and making sure that those employees had actual notice that they would be receiving a reduced minimum wage together with tips.

In Brock, *supra,* the Second Circuit held that the defendant therein did not show a good faith effort to comply with the FLSA. However, there, the defendant was a large corporation with a sophisticated business portfolio, and on a given week it employed upwards of 200 employees. Id. at 13. Here, the restaurant at issue, Jubilee, is a small "mom and pop" establishment with approximately fifteen to twenty employees. Further, Defendants Ilda Araujo and Eric Macaire, French immigrants to whom English is not their primary language, are not sophisticated business operators and relied in good faith on their payroll company to advise them of their obligations under the applicable statutes. It is also important to note that the Defendants did not have an attorney on retainer due to the fact that the Jubilee restaurant had never had a claim filed against it during the many years of its existence until the instant matter was filed by Plaintiff Diego Franco in retaliation for the Defendants' refusal to terminate his employment as part of his illegal and unethical scheme to fraudulently collect unemployment insurance from the government.

Plaintiffs also cite to Garcia v. JohnJohn Deli Grocery Crop. in support of their argument that consulting with an accountant or payroll company does not establish objective good faith unless defendants can show that they were given misleading information about the FLSA and NYLL requirements. Garcia v. JohnJohn Deli Grocery Crop., No. 13 Civ. 8835 (AT), 2015 U.S. Dist. LEXIS 108264 (S.D.N.Y. Aug. 11, 2015). However, the Defendants' payroll company and accountant both mislead the Defendants into believing that they were in full compliance with the applicable statutes. As Ilda Araujo states in her accompany affidavit, the Defendants believed that they had

8

received competent and accurate advice and information from their payroll company and further believed that the Defendants had complied with the FLSA and NYLL.

Plaintiffs further cite to Cox v. Town of Poughkeepsie in support for their argument for liquidated damages. However, in Cox the town's attorney was put on actual notice of the plaintiffs' potential FLSA claims but knowingly and intentionally chose to do nothing with regard to those claims, which is a clear and unequivocal showing of bad faith on the part of the defendant. *See* Cox v. Town of Poughkeepsie, 209 F.Supp.2d 319. In contrast, in the instant action, there is no evidence whatsoever to suggest that the Defendants were ever put on notice of any potential FLSA claims or that the Defendants had any reason to believe they were not in compliance with the FLSA and NYLL, and thus, Cox, *supra*, is easily distinguishable from the instant action.

Furthermore, in Herman, *supra*, the Second Circuit held that the defendant therein did not establish a good faith effort to comply with the FLSA because he "had extensive knowledge of the FLSA's requirements, but utterly failed" to comply with them. *See* Herman, 172 F.3d at 142. In fact, the defendant in Herman descried the FLSA as his "passion." Id. The same is not true about the Defendants in the instant action. Indeed, the Defendants' knowledge of the FLSA was limited to what their payroll company and accountant supplied to them upon Defendants' good faith inquiry regarding their compliance with the applicable laws. In fact, as Ilda Araujo confirms in his accompanying affidavit, the Defendants had no reason to believe they were not in full compliance with the FLSA and NYLL due to the fact that they relied on their professional payroll company and accountant and complied with all of the instructions and advice received from them.

It is also important to note that the Plaintiffs, indeed all of the wait staff at both Jubilee restaurants, had full knowledge and awareness of the fact that they were receiving the tip credit minimum wage.  The Plaintiffs were made aware of this prior to being hired and were reminded at the wait staff's weekly meetings.  The Defendants also acted in good faith by placing the labor posters regarding labor issues such as the tip credit minimum wage on walls visible to all employees at the Jubilee restaurants.  These were actions taken by the Defendants in good faith and in the belief that they were in compliance with the applicable labor statutes.  Further, it is beyond doubt, and the Plaintiffs have not disputed, that the employees including the Plaintiffs were well aware of the tip credit minimum wage due to the fact that the employees themselves created and maintained a tip pool.

Thus, it is respectfully submitted that the Defendants acted in good faith by actively taking steps to ascertain through consultation with their payroll company and accountant what was required of them by law with regard to their employees' compensation, the minimum wage and tip credits and discussing in detail what they were required to do to be in full compliance with the law.  It is out of the Defendants' control that a professional payroll company and accountant misrepresented to the Defendants their responsibilities to be in compliance with the FLSA and NYLL and, it is respectfully submitted that the Defendants, a small "mom and pop" establishment, should not be penalized, and potentially driven to shuttering its doors, for being misled.  Accordingly, because the Defendants acted in good faith for all relevant time periods, the Court should use its discretion and not award liquidated damages to the Plaintiffs.

### 4. There is No Successor Liability Between the Two Jubilee Restaurants

In this matter the Plaintiffs attempt, without any support, to create successor liability against the Defendants and the Jubilee restaurant located on First Avenue with non-party Jubilee, Inc. and the prior Jubilee restaurant located on East 54th Street. The Plaintiffs unsuccessfully seek to tie these separate restaurants with their ownerships together by claiming there was a "de facto merger" or "mere continuation" of the predecessor restaurant.

However, as the Appellate Division, First Department held in <u>Firesafe Products Corporation v. Gem Urethane Corporation</u>, 24 A.D.3d 158 (1st Dept. 2005), where there is "insufficient evidence of any continuity of management, personnel, physical location, assets and general business operation", the claim of a "de facto merger" must be dismissed. *See also*, <u>Matter of New York City Asbestos Litig.</u>, 352 F.3d 41 (2d Cir. 2003).

Contrary to the Plaintiffs' baseless allegations, there was no merger of the Jubilee restaurant located on East 54th Street with the new Jubilee restaurant located on First Avenue and there can be no *de facto* merger as a matter of fact and law because, *inter alia*, there was no "continuity of ownership". *See* <u>Battino v. Cornelia Fifth Ave., LLC</u>, 861 F. Supp. 2d 392, 401 (S.D.N.Y. 2012). Here, the Jubilee restaurant located on East 54th Street was owned solely by Defendant Eric Macaire and the new Jubilee restaurant located on First Avenue is owned equally by Defendant Ilda Araujo, non-party Luc Holie, and Defendant Eric Macaire. Thus, Eric Macaire, who was the sole owner of the first Jubilee restaurant, is now not even a majority owner holding a one-third (1/3) ownership interest in the Jubilee restaurant on First Avenue. As such,

there is no "continuity of ownership" or even a "substantial continuation".  See Battino, *supra*, at 401, 403-4.

In Schumacher v. Richards Shear Co., Inc., 59 N.Y.2d 239 (1983), the New York Court of Appeals stated:

> "It is the general rule that a corporation which acquires the assets of another is not liable for the torts of its predecessor. There are exceptions.... A corporation may be held liable for the torts of its predecessor if (1) it expressly or impliedly assumed the predecessor's tort liability, (2) there was a consolidation or merger of seller and purchaser, (3) the purchasing corporation was a mere continuation of the selling corporation, or (4) the transaction is entered into fraudulently to escape such obligations."  See Id; and Cullens v. A.O. Smith Water Prods. Co., 2013 NY Slip Op 30393 (N.Y. Cty. Sup. Ct. 2013).

Further, in Fitzgerald v. Fahnestock & Co., 286 A.D.2d 573 (1st Dept. 2001), the Appellate Division, First Department held:

> "The hallmarks of a *de facto* merger include: continuity of ownership; cessation of ordinary business and dissolution of the acquired corporation as soon as possible; assumption by the successor of the liabilities ordinarily necessary for the uninterrupted continuation of the business of the acquired corporation; and, continuity of management, personnel, physical location, assets and general business operation.... Not all of these elements are necessary to find a *de facto* merger."  See Fitzgerald, 286 A.D.2d 573, 574-5 (1st Dept. 2001).

Significantly, in The Matter of New York City Asbestos Litigation, 15 A.D.3d 254, (1st Dept. 2005), the Appellate Division, First Department stated "the first factor [continuity of ownership] has recently been held to be essential to a *de facto* merger finding".  See Id.  Here, the evidence before the Court demonstrates that there was no "continuity of ownership" — in fact, there was a new ownership group consisting of three (3) equal partners for the new Jubilee restaurant on First Avenue while the previous

12

Jubilee restaurant on East 54th Street was owned solely by Defendant Eric Macaire.

It is also important to note that, besides some electronic equipment and other insignificant tangible items such as forks, knives, etc., there was no carryover of equipment and tangible assets from the prior Jubilee restaurant on East 54th Street to the new Jubilee restaurant on First Avenue.  Further, as Defendant Eric Macaire testified during his deposition, those items were given by him to Defendant Jubilee First Avenue Corporation as his contribution to the new ownership.  (Macaire Dep. 37:16-38:10)  Based on the foregoing, there has been no "de facto merger" and the Plaintiffs have failed to establish successor liability in this matter.

## CONCLUSION

For the reasons stated herein, and in conjunction with the accompanying affidavits and evidence before the Court, it is respectfully requested that the Plaintiffs' motion seeking partial summary judgment be denied in its entirety.

Dated: New York, New York
       February 26, 2016

                        CLAUDE CASTRO & ASSOCIATES PLLC


                    By: *Claude Castro*
                        Claude Castro, Esq.
                        *Attorneys for Defendants*
                        545 Fifth Avenue, 8th Floor
                        New York, New York 10017
                        (212) 810-2710